1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

KELLI L. BACHELOR,

9

Plaintiff,

10

v.

11

CAROLYN COLVIN, Commissioner of
Social Security,

12

Defendant.

13

Case No. 2:13-CV-01733-MJP-BAT

**REPORT AND
RECOMMENDATION**

14      Kelli Bachelor appeals the ALJ's written decision finding her not disabled.[1]  The

15   procedural history is not in dispute and need not be discussed.  In this case, the ALJ found Ms.

16   Bachelor's severe impairments were asthma, hypertension, coronary artery disease, obesity, post-

17   traumatic stress disorder ("PTSD"), anxiety disorder, depressive disorder and polysubstance

18   dependence; these impairments did not meet the Listings; Ms. Bachelor had the Residual

19   Functional Capacity ("RFC") to perform essentially the full range of unskilled light work subject

20   to certain exertional and non-exertional limitations; and that under the Medical-Vocational

21   Guidelines ("Grids"), Ms. Bachelor was not disabled.  Tr. 56-68.

22      Ms. Bachelor contends the ALJ erred by improperly discounting the opinions of Victoria

23

---

[1] The parties agree this decision is the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

McDuffie, Ph.D.  The Court finds because the ALJ gave at least one valid reason, the ALJ's

evaluation of Dr. McDuffie's opinions should be affirmed.  Ms. Bachelor also argues the ALJ

erred by failing to find Borderline Personality Disorder was a severe impairment.  The Court

agrees but finds the error was harmless. Accordingly, the Court recommends **AFFIRMING** the

Commissioner's final decision and **DISMISSING** the matter with prejudice. [2]

## DISCUSSION

**A.      The ALJ did not misevaluate Victoria McDuffie's Ph.D., opinions**

Ms. Bachelor contends the ALJ improperly rejected Dr. McDuffie's opinion that she had

(1) severe limitations in her ability to communicate and perform effectively in work setting even

with limited public contact, and (2) moderate limitations in her abilities to learn new tasks,

perform routine tasks without "undue" supervision or be aware of normal hazards and take

appropriate precautions.  *See* Tr. 779-80.  The ALJ rejected these opinions first finding Dr.

McDuffie's "opinion made minimal reference to objective findings."  Tr. 65.  However, this is

not a valid reason to reject a medical opinion.  "To say that medical opinions are not supported

by sufficient objective findings" is a conclusory statement and an invalid basis to reject a

---

[2] The Court notes the ALJ erred at step five (Tr. 67-71) by finding Ms. Bachelor was not disabled under the Grids. There are "strict limits on when the Secretary may rely on the Guidelines." *Desrosiers v. Secretary of H & HS.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring).  The Commissioner must prove at step five that the Grids "accurately and completely describe a claimant's impairments."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  The ALJ failed to meet this standard because Ms. Bachelor has mental limitations that the ALJ included in her RFC.  Despite this finding, the ALJ applied the Grids based on conclusory statements that Ms. Bachelor's mental limitations did not significantly erode the occupational base for light work.  *See*  Tr. 67-71. The ALJ's step five determination is contrary to the tenant that following an examination of the entire record, *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002), a Court should not affirm an ALJ's decision if it is not supported by substantial evidence in the record as a whole, or if the ALJ applied the wrong legal standard.  *Cf.*, *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985).  However, as Ms. Bachelor did not assign error to the ALJ's reliance on the Grids, the Court declines to raise the error on her behalf, *sua sponte*.

REPORT AND RECOMMENDATION - 2

1   doctor's opinions.  *Embrey v. Bowen*, 849 F.2d 421-22 (9th Cir. 1988).

2       The ALJ next rejected Dr. McDuffie's opinions finding that they were primarily based on

3   Ms. Bachelor's discredited self-reports.  *Id.*  The record shows the ALJ improperly relied on his

4   own personal doubts about Ms. Bachelor's credibility to reject the doctor's opinions.  The record

5   does not show Dr. McDuffie disbelieved Ms. Bachelor or thought she was malingering, or that

6   the doctor's report did nothing more than parrot Ms. Bachelor's complaints.  There is no

7   evidence that Dr. McDuffie did not perform a professional examination.  Rather, the record

8   shows the doctor utilized accepted methods of evaluation, including a clinical examination and

9   the administration of a mini mental status exam ("MMSE").  Accordingly, substantial evidence

10  does not support ALJ's finding that Dr. McDuffie's opinions merit little weight because they

11  were based on Ms. Bachelor's statements.  *See e.g. Edlund v. Massanari*, 253 F.3d 1152, 1159

12  (9th Cir. 2001); *Regennitter v. Comm'r Soc. Sec. Admin*., 166 F.3d 1294, 1300 (9th Cir. 1999).

13      Third, the ALJ rejected Dr. McDuffie's opinions as inconsistent with the longitudinal

14  medical record.  Tr. 66.  An ALJ may properly reject a doctor's opinion that is inconsistent with

15  the record.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999).  Here, the ALJ found

16  in her counseling sessions and mental status exams that Ms. Bachelor was alert, pleasant, and

17  displayed cooperative behavior, made good eye-contact, spontaneous speech and conversation;

18  and had logical thought.  Tr. 66.  The ALJ also found the medical record showed Ms. Bachelor

19  had average intelligence, intact memory and normal attention span.  *Id.*  The ALJ concluded this

20  record was inconsistent with the degree of limitations Dr. McDuffie found.

21      Ms. Bachelor disagrees and argues her cognitive abilities are not grounds to reject Dr.

22  McDuffie's opinions about her mental health limitations, that the record shows she had good

23  days and bad, and that because she displayed some of the symptoms in her regular counseling

REPORT AND RECOMMENDATION - 3

1    sessions that Dr. McDuffie also noted, the doctor's opinions are not inconsistent with the

2    longitudinal record.  Dkt. 21 at 5-7.  Ms. Bachelor's interpretation of the record is not

3    unreasonable but neither is the ALJ's.  That is, it was not unreasonable for the ALJ to find that

4    the record did not square with Dr. McDuffie's opinions about severe limits in ability to maintain

5    appropriate behavior and marked limits in communicating and working effectively.  Even if the

6    Court found Ms. Bachelor had the better argument, the Court cannot overturn the ALJ.  This is

7    because when the evidence is susceptible to more than one rational interpretation, the Court is

8    required to uphold the ALJ's findings.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

9    2008).  Additionally, the Court may only reverse if a decision is not supported by substantial

10   evidence, and substantial evidence "'means such relevant evidence as a reasonable mind might

11   accept as adequate to support a conclusion,'" not evidence which the Court believes supports the

12   better argument.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

13   Accordingly, the Court finds the ALJ properly discounted Dr. McDuffie's opinions as

14   inconsistent with the longitudinal medical record.

15          The ALJ also rejected the doctor's opinions because "the claimant reported being able to

16   use public transportation, shop, and leave her home . . . [and] denied having problems getting

17   along with family, friends, neighbors, or others. (B5E)."  Tr. 66.  Substantial evidence does not

18   support this finding.  Exhibit B5E is a written function report Ms. Bachelor submitted.  It paints a

19   much bleaker picture than found by the ALJ.  The exhibits states:  "I afraid of people," Tr. 260;

20   that Ms. Bachelor's daily routine was "get my methadone, I go to groups & appointments eat

21   food, shower," Tr. 261; that as to personal care "I affects every part of my life and the ability to

22   function properly," *Id.;* that Ms. Bachelor does laundry, dishes and also vacuums but needs

23   "encouragement and support" to do so, Tr. 262.; that she walks, takes the bus or gets a ride to

REPORT AND RECOMMENDATION - 4

1    travel about;  Tr. 263, that she needs her parents to help her handle money; Tr. 264, that she is

2    "afraid to participate" in social activities, Tr. 265; and that she does "ok" with authority figures

3    but "limits exposure because I'm afraid."  Tr. 266.  In sum, Exhibit B5E does not contradict the

4    doctor's opinions.

5           Although some of the ALJ's reasons for rejecting Dr. McDuffie's opinions are invalid,

6    the errors are harmless. *See Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195-97 (9th

7    Cir.2004).  This is because the ALJ properly discounted Dr. McDuffie's opinions as inconsistent

8    with the longitudinal medical record and thus there remains substantial evidence that supports

9    the ALJ's determination to accord little weight to Dr. McDuffie's opinions. Accordingly, the

10   Court affirms the ALJ's assessment of Dr. McDuffie's opinions.[3]

11   **B.      The ALJ's step two error was harmless**

12          The ALJ erred at step two in failing to find borderline personality disorder was a severe

13   impairment because Dr. McDuffie diagnosed Ms. Bachelor with the disorder, and opined that

14   this disorder in conjunction with her other mental disorders caused functional limitations.  Tr.

15   777-781.  However, the error was harmless.  There is nothing showing Dr. McDuffie opined

16   borderline personality disorder caused her a certain type of limitation, or that the ALJ overlooked

17   this limitation.  Rather in reaching her conclusions, Dr. McDuffie assessed the cumulative effect

18   of Ms. Bachelor's mental disorders on her functioning.  Because the ALJ considered the doctor's

19   ultimate conclusions about Ms. Bachelor's limitations and properly discounted them, the ALJ's

20   failure to find borderline personality disorder was severe at step two is harmless. *Cf., Lewis v.*

21   *Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (step two error harmless where ALJ addresses

22   [3] Because the ALJ's treatment of Dr. McDuffie's opinions should be affirmed, the Court need not
23   discuss Ms. Bachelor's argument that the ALJ improperly favored the opinions of the examining
     doctors, Gerald Peterson, Ph.D., and Renee Eisenhauer, Ph.D., over the opinions of Dr.
     McDuffie.  *See* Dkt. 18 at 17.

REPORT AND RECOMMENDATION - 5

1  limitations at later step).

2  **CONCLUSION**

3  For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's

4  final decision and **DISMISSING** the case with prejudice.  Any objection to this Report and

5  Recommendation must be filed and served no later than **April 30, 2014.**  If no objections are

6  filed, the Clerk shall note the matter for **May 2, 2014**, as ready for the District Judge's

7  consideration.  If objections are filed, any response is due within 14 days after being served with

8  the objections.  A party filing an objection must note the matter for the Court's consideration 14

9  days from the date the objection is filed and served.  Objections and responses shall not exceed

10  eight (8) pages.  The failure to timely object may affect the right to appeal.

11  DATED this 16th Day of April, 2014.

12

13  _____

14  BRIAN A. TSUCHIDA
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 6