1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KELLI L BACHELOR,

CASE NO. C13-1733-MJP

11

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART
AND DENYING IN PART

12

v.

13

CAROLYN COLVIN,

14

Defendant.

15

16     The Court has reviewed the entire record, including the Administrative Record, the

17  memoranda of the parties, the Report and Recommendation ("R&R") of United States Magistrate

18  Judge Brian A. Tsuchida, Plaintiff's objections, and the Commissioner's response.  The Court

19  ORDERS as follows:

20     (1)  The Court ADOPTS the R&R in part and DENIES it in part;

21     (2)  The Court REVERSES the decision of the Commissioner, finding the ALJ committed a legal

22         error as at Step 5 and REMANDS it for consideration of that issue.

23     //

24     //

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART AND DENYING
IN PART- 1

**Discussion**

   A.  Legal Standard

   A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed.R.Civ.P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which specific written objection is made.  United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  Id.

   Although review of an R & R is de novo, the court must defer to the ALJ's factual findings and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005).  In this way, the court's review of the R & R is different from the court's review of the underlying decision of the ALJ.  With respect to the underlying decision, the court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion.  Thomas, 278 F.3d at 954.

//

//

1        B.  Opinion of Dr. McDuffie

2        The R&R affirms the ALJ's rejection of the Dr. McDuffie's opinion valid on one ground.

3    (Dkt. No. 22 at 2.)  The R&R found the ALJ properly rejected Dr. McDuffie's opinion because it

4    was "inconsistent with the longitudinal medical evidence." (Id. at 3.)  Plaintiff Kelli Bachelor

5    contends the medical record shows just the opposite and substantiates Dr. McDuffie's opinion.

6    Bachelor does not address the evidence underlying the ALJ's conclusions, instead pointing to

7    other parts of the record.  The R&R correctly noted "when the evidence is subject to more than

8    one rationale interpretation the Court is required to uphold the ALJ's findings." (Id. at 4.)

9    Bachelor's objections simply ignore this legal mandate.  See Tomassetti v. Astrue, 533 F.3d

10   1035, 1038 (9th Cir. 2008).

11        C.  Severe Borderline Personality

12        Bachelor objects to the R&R on the grounds that the ALJ's failure to consider her

13   borderline personality disorder constitutes more than harmless error.  (Dkt. No. 24 at 5.)  But, as

14   the R&R correctly noted, the ALJ ultimately considered the doctor's conclusions about

15   Bachelor's limitations and properly discounted them.  Bachelor simply does not address this

16   analysis.  The Court ADOPTS the R&R and finds the error harmless.

17        D.  Five Step Analysis

18        The ALJ committed an error of law at Step five, by finding Bachelor was not disabled

19   under the Grids.  (Dkt. No. 24.)  The only issue before the Court is whether Bachelor waived the

20   argument or can waive the issue by failing to raise the issue on appeal.  The Magistrate Judge

21   explained, "as Ms. Bachelor did not assign error to the ALJ's reliance on the Grids, the Court

22   declines to raise the error on her behalf, *sua sponte*." (Dkt. No. 24 at 2)(emphasis in original.)

23   Bachelor raises the issue now in her objections to the R&R.

24

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART AND DENYING
IN PART- 3

1    Under well established Ninth Circuit case law exceptions to the waiver doctrine permit an

2  issue to be raised for the first time on appeal:

3       in the 'exceptional' case in which review is necessary to prevent a miscarriage of
        justice or to preserve the integrity of the judicial process, when a new issue arises
4       while appeal is pending because of a change in the law, or <u>when the issue
        presented is purely one of law</u> and either does not depend on the factual record
5       developed below, or the pertinent record has been fully developed."  <u>Bolker v.
        C.I.R.</u>, 760 F.2d 1039, 1042 (9th Cir. 1985) (citations omitted).  The court "will
6       only excuse a failure to comply with this rule when necessary to avoid a manifest
        injustice." <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999).

7  <u>Greger v. Barnhart</u>, 464 F.3d 968, 973 (9th Cir. 2006)(emphasis added.)

8       This case falls within the exceptions to the waiver doctrine: the ALJ committed a serious

9  (and pure) error of law in applying the grid rules.  <u>Oberg v. Astrue</u>, 472 Fed.Appx. 488, 491,

10  2012 WL 907092, 1 (9th Cir. 2012)(reversing and remanding for error of law).  Because the

11  application of the girds without vocational expert testimony resulted in a presumptive finding of

12  "not disabled" was legal error, the Court finds the Commissioner did not meet the burden of

13  production at Step five.  Consequently, the Court does not adopt the R&R on this issue, instead

14  REVERSING the Commissioner and REMANDING for further consideration of this issue.

15                                          **Conclusion**

16      In sum, the Court ADOPTS the R&R in part as to Dr. McDuffie's opinion and the ALJ's

17  failure to include Bachelor's borderline personality disorder in the analysis.  The Court

18  DECLINES to adopt the R&R as to the Step Five analysis, finding Bachelor has not waived the

19  issue on appeal.  The Court REVERSES the Commissioner and REMANDS for consideration of

20  that issue.  The Clerk is ordered to provide copies of this Order to all counsel and to the

21  Honorable Brian A. Tsuchida.

22  //

23  //

24

ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART AND DENYING
IN PART- 4

1    Dated this 11th day of July, 2014.

2

3

4    Marsha J. Pechman
     Chief United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24